[redacted]

**Rodney Gene BENNETT, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–76–317.**

Court of Criminal Appeals of Oklahoma.

Nov. 23, 1976.

[redacted]

Ellen Colclasure Steely, Sullivan, Sullivan & Jones, Duncan, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge.

Appellant, Rodney Gene Bennett, hereinafter referred to as defendant, was convicted on a plea of guilty in the District Court, Stephens County, Oklahoma, Case No. CRF–74–57, for the offense of Burglary in the Second Degree. The defendant was sentenced to a term of three (3) years' imprisonment, the same to be suspended subject to the supervision of the Department of Corrections. And, on December 15, 1975, a hearing was held in the District Court, Stephens County, at which time the defendant's parole was revoked and the defendant was sentenced to three (3) years' imprisonment. From this order revoking the defendant's suspended sentence a timely appeal has been perfected to this Court.

The State called as its first witness Kenneth Vinson, who had previously been convicted of stealing a color television set from the Wewoka High School, which the defendant was accused of concealing. Vinson testified that on the night of May 6, 1975, at approximately 8:00 p.m., he broke into the Wewoka High School for the purpose of stealing a color television set. At about 10:00 p.m. that same evening he finally effected the theft and fled from the scene, transporting the color television set in a wheelbarrow which he had stolen from a neighboring home. The witness had prearranged for the defendant and a companion of the defendant, Tonya Bell, to pick him and the television set up at the end of an alley. The automobile which was used to assist the witness in effecting an escape belonged to the defendant. After the witness got into the car he informed the defendant that he had stolen the color television set from the school. The defendant, who had agreed to purchase the television from the witness, paid the witness $30.00 that night and $20.00 the next day. The television set was first taken to the defendant's grandmother's home and was then taken to the home of Tonya Bell, where the defendant was then residing.

According to the testimony of Clark Chasteen, Assistant Chief of Police for the City of Wewoka, the Police Department received information regarding the May 6, 1975, burglary of the Wewoka High School informing them that the 23 inch color Emerson television set taken in that burglary was at the home of Tonya Bell and the defendant. A search warrant was obtained and was executed on July 17,

1975. The color television set, with the serial number matching that of the one taken from the High School, was located in the living room of the defendant's residence.

■■ First of all, the defendant contends that the affidavit on which the search warrant was issued was illegal for the reason that it did not make the requisite allegations as to the reliability and credibility of the informant. We must agree. In *Guthrey v. State*, Okl.Cr., 507 P.2d 556, 560 (1973), this Court held:

"An affidavit for a search warrant based upon information received from a reliable informant should state the length of time the affiant has known the informant; that his reputation for truth and veracity was good; and that on a number of occasions past the informant has furnished information to the affiant which had been accurate. The affidavit should then set forth general instances in which the informant had previously furnished correct information. The affidavit should further state whether the informant himself observed the presence of contraband or articles to be seized upon the premises stating the date of the observation or that the belief of the reliable informant is based upon admission of one of the principals maintaining or keeping such contraband or articles on the premises. . . ." (Footnote omitted)

In the instant case there can be no pretense that the affidavit complies with the necessary requisites. The affiant states only that the informant is a "reliable source." There being no doubt that the search warrant was issued on a fundamentally defective affidavit, it was error for the trial court to overrule the defendant's motion to suppress the television set.

■ However, even without the television set this Court is of the opinion that the evidence was sufficient to establish, by a preponderance of the evidence, the burden of the State, in a revocation hearing,

that the defendant had violated the conditions of his suspended sentence. Condition No. 3 provided that the defendant "shall not violate any city, state or federal laws" and condition No. 6 provided that the defendant "shall conduct himself in all respects as a good and peaceable law abiding citizen." Evidence independent of the illegally seized television revealed that the defendant, before acquiring possession of the television, knew that it had been stolen from the Wewoka High School. In spite of that information, the defendant paid a sum of $50.00 for the television and ultimately delivered it to the home of Tonya Bell where he was then residing, concealing it from its rightful owners.

In conclusion, there being sufficient independent evidence to sustain the trial court's finding that the defendant had violated the conditions of his suspended sentence, the trial court's order stands, *AFFIRMED*.

BRETT, P. J., and BLISS, J., concur.